# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN  DIVISION

TRENT A. GILLIAM, )
    )
    Plaintiff, )
v. )  No. 11-691-CV-W-FJG
    )
THE CORDISH COMPANY, INC., ET AL., )
    )
    Defendants. )

## ORDER

Currently pending before the Court is defendant Jurgielski's Second Motion to Dismiss (Doc. # 14).

Defendant Jurgielski in his Motion to Dismiss argues that in his Amended Petition, plaintiff has set forth four claims: Count I - 42 U.S. C. § 1983 -Excessive Force against Officer Jurgielski; Count II - Negligent Supervision against Cordish Company; Count III - Negligent Training Claim against Cordish Company and Count IV - Negligence claim against Officer Jurgielski and Cordish Company.

Defendant Jurgielski argues that plaintiff's negligence claim fails because his allegations are premised only on Jurgielski's alleged intentional acts in arresting him. Jurgielski argues that under Missouri law, theories of negligence and intentional torts are contradictory and mutually exclusive.  Jurgielski argues that plaintiff's negligence claim fails because he alleges only intentional acts and does not allege that Jurgielski acted carelessly or accidentally.  Plaintiff in response argues that defendant's motion should be raised at the summary judgment stage and that he should be entitled to conduct discovery on his properly pled negligence claim.

Fed.R.Civ.P. 8(d)(3) states, "[a] party may state as many separate claims or defenses as it has, regardless of consistency."   In Pavlisin v. Corrections Corporation of

America, No. 5:08-CV-298-OC-10GRJ, 2009 WL 1043918 (M.D.Fla. Apr. 17, 2009), the

defendant made a similar argument that plaintiff's negligence claim had to be dismissed

because plaintiff was alleging that defendant had committed an intentional act and

"[u]nder Florida law, an intentional act or battery cannot form the basis of a negligence

claim." Id. at *5. The Court stated that it agreed

> that a plaintiff cannot simultaneously obtain relief under both theories of
> negligence and intentional tort for the same conduct; however, such
> determinations are best left for the summary judgment stage or trial.
> Under the Federal Rules of Civil Procedure, a plaintiff is permitted to plead
> alternative and inconsistent theories of relief. See Fed.R.Civ.P. 8(d)(2);
> Lewis v. City of St. Petersburg, 260 F.3d 1260, 1263 (11th Cir. 2001).

Id. See also, Hardman v. Government of Guam, Civil No. 10-00010, 2011 WL 4901162,

*5 (D.Guam, Oct. 14, 2011)(Under Fed.R.Civ.P. 8(d)(2),(3) fact that plaintiff alleged that

the defendants acted intentionally or negligently was not a ground for dismissal); Brown

v. City of New York, No. 02-CV-6337 NG LB, 2005 WL 758781, *4 (E.D.N.Y. Mar.30,

2005)("While it is true that the same factual predicate cannot support both a finding of

liability based on reckless or intentional conduct and a finding of liability based on

negligent conduct, plaintiff is free to plead alternate theories of liability, even if those

theories are inconsistent. Such pleading is expressly authorized by the Federal Rules

of Civil Procedure.").

Accordingly, because plaintiff is entitled under the Federal Rules of Civil

Procedure to plead alternative and inconsistent theories, the Court finds no basis on

which to dismiss plaintiff's negligence claim. Accordingly, defendant Jurgielski's Second

Motion to Dismiss is hereby **DENIED** (Doc. # 14).

Date: November 17, 2011              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                     Chief United States District Judge